# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS M. RICHARDS,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0322**  (BOR Appeal No. 2049756)
(Claim No. 2014028230)

**GATEWAY EAGLE,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Thomas M. Richards, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Gateway Eagle, by Henry Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 11, 2015, in which the Board reversed an August 13, 2014, Order of the Workers' Compensation Office of Judges and reinstated an April 28, 2014, claims administrator's decision. In its Order, the Office of Judges reversed the claims administrator's April 28, 2014, decision rejecting Mr. Richards's application for workers' compensation benefits and held the claim compensable for lumbago. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Richards alleges that he injured his lower back and right leg on March 24, 2014, while relocating a large water pump. He sought treatment for the alleged injury with Surayia Hasan, M.D., his primary care provider. Dr. Hasan noted that Mr. Richards has a history of radicular neuropathy, numbness in the right foot, backache, sacroiliac joint pain, and a lumbar sprain. In a treatment note dated April 1, 2014, she stated that Mr. Richards has a history of a

1

prior back injury from which he has recovered and indicated that he has injured his back again. She diagnosed him with a backache with radicular pain and numbness in the right leg.

Prior to April 1, 2014, Dr. Hasan treated Mr. Richards multiple times for radicular back pain. On January 28, 2014, Mr. Richards sought treatment with Dr. Hasan for symptoms associated with the flu and bronchitis, at which time he mentioned that he was experiencing constant back pain with radiation into the right leg. Dr. Hasan noted that Mr. Richards has a history of a lumbar sprain, sacroiliac joint pain, backache, and numbness in the right foot. She further indicated that she wrote a letter to the claims administrator requesting that a prior claim for workers' compensation benefits be reopened so that authorization may be granted for a lumbar spine MRI.[1] On February 27, 2014, Dr. Hasan was still treating Mr. Richards for ongoing back pain.

Dr. Hasan completed a Report of Injury in connection with the alleged March 24, 2014, injury on April 2, 2014. She indicated that the March 24, 2014, incident aggravated a prior injury and listed his current diagnosis as a backache with radicular pain. On April 28, 2014, the claims administrator rejected Mr. Richards's application for workers' compensation benefits based upon a finding that he was receiving active treatment for a pre-existing lumbar spine condition at the time of the alleged injury.

On May 12, 2014, Tom Winters, M.D., performed a records review and opined that the most likely explanation for Mr. Richards's current symptoms is insidious onset lower back pain and chronic known lower back pain. On July 9, 2014, Mr. Richards was deposed. He testified that he injured himself in the course of his employment on March 24, 2014, while lifting a heavy pump and immediately felt pain in his lower back which radiated into his right leg. He acknowledged that he sustained a prior back injury in 2013 but testified that the March 24, 2014, incident represented a new occurrence because he experienced a different type of pain following the March 24, 2014, incident. However, Mr. Richards went on to state that he experienced right-sided symptoms following both injuries.

In its Order reversing the April 28, 2014, decision, the Office of Judges held that Mr. Richards has demonstrated that he sustained a compensable injury in the course of and resulting from his employment, and held the claim compensable for lumbago. The Board of Review reversed the decision of the Office of Judges and reinstated the April 28, 2014, claims administrator's decision. On appeal, Mr. Richards asserts that the evidence of record demonstrates that he sustained a new injury on March 24, 2014, and further asserts that the Office of Judges properly entered an Order holding the claim compensable.

The Office of Judges found that the evidence of record demonstrates that Mr. Richards sustained an injury in the course of and resulting from his employment which was the result of

---

[1] It is presumed that the prior claim referenced by Dr. Hasan stems from an application for workers' compensation benefits arising from an injury that occurred on April 24, 2013. Mr. Richards sought treatment with Dr. Hasan for this injury; however, his application for workers' compensation benefits was rejected as untimely filed.

an isolated, fortuitous event. The Office of Judges determined that the evidentiary record demonstrates that Mr. Richards sustained a prior injury in 2013 and was experiencing nearly identical symptoms both before and after the March 24, 2014, incident. Further, the Office of Judges determined that the evidence of record demonstrates that the radiculopathy diagnosed by Dr. Hasan clearly pre-existed the March 24, 2014, incident. However, the Office of Judges relied primarily on Mr. Richards's testimonial statements that he was injured in the course of his employment on March 24, 2014, and that on March 24, 2014, he experienced a different type of pain when reaching its decision to hold the claim compensable for lumbago.

In its Order reversing the decision of the Office of Judges, the Board of Review noted that in the Report of Injury, Dr. Hasan indicated that on March 24, 2014, Mr. Richards sustained an aggravation of a prior injury. The Board of Review further noted that in the month prior to the March 24, 2014, incident, Dr. Hasan was treating Mr. Richards for constant back pain radiating into the right leg. Additionally, the Board of Review noted that Dr. Winters attributed Mr. Richards's current symptoms to insidious onset lower back pain, chronic known lower back pain, and other non-compensable factors. The Board of Review then concluded that the evidence of record demonstrates that Mr. Richards was receiving treatment for a pre-existing back condition at the time of the March 24, 2014, incident, and further concluded that he has failed to demonstrate that he sustained a new injury in the course of and resulting from his employment.

We agree with the reasoning and conclusions of the Board of Review. The evidence of record demonstrates that Mr. Richards has a chronic history of lower back pain radiating into the right leg which pre-existed the March 24, 2014, incident and for which he was continuing to receive treatment shortly before the March 24, 2014, incident.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II